139 F.3d 901
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony CASTELLANO, Petitioner,
v.
Commodity Futures Trading Commission, Respondent.
 No. 96-4174.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 5, 1998.
Decided Mar. 4, 1998.
 
 On Petition For Review Of An Order Of The Commodity Futures Trading Commission.
 Before Hon. WALTER J. CUMMINGS, Hon. RICHARD D. CUDAHY, Hon. MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Anthony Castellano has sought review of an order of the Commodity Futures Trading Commission ("Commission") entered on December 10, 1996, under Section 8a of the Commodity Exchange Act, 7 U.S.C. § 12a. There the Commission affirmed an administrative law judge's denial of Castellano's application for registration as a floor broker or as a floor trader. After the revocation of his floor broker registration in 1990, Castellano continued to trade for his own account on the floor of the Chicago Mercantile Exchange. As a result of 1992 amendments to the Act, floor traders were required to become registered with the Commission.[1] Castellano filed a registration application in April 1993 and also sought restoration of his floor broker registration.[2]
 
 
 2
 The Commission's Division of Enforcement thereafter instituted another registration proceeding against Castellano. He admitted the disqualifications alleged under Sections 8a(2)(A) and 8a(3)(J) and admitted the Section 8a(3)(M) misconduct charged. In mitigation he pleaded that he had suffered from "marital and family adversity" from 1982 to 1990 that impaired his ability to recognize the legal and moral significance of his acts. However, he contended that he had been rehabilitated through psychological counseling and had not been in trouble since 1990.
 
 
 3
 In November 1994 Castellano testified and presented eight character witnesses and was cross-examined by the Enforcement Division. He testified that he knew his conduct in 1983, 1985, 1987 and 1989 pre-arranged trading incidents was unlawful and that he accepted full responsibility for those violations. He also expressed remorse for a 1990 incident in which he lost his temper and assaulted another trader. As a result of individual counseling from the assistant minister at Castellano's church, he contended that he had been rehabilitated, has a strengthened sense of ethics, and has not been in any sort of trouble on the Exchange since the 1990 incident. Castellano's character witnesses gave favorable testimony as to improvements in his conduct.
 
 
 4
 Thereafter Castellano abandoned his request to be re-registered as a floor broker and instead asked that he be considered for registration only as a floor trader working under supervision. In March 1995 the ALJ denied Castellano's application after concluding that he had failed to rebut the presumption that his registration would raise a substantial risk to the public because his rehabilitation evidence did not sufficiently establish a "changed direction."
 
 
 5
 In the present proceeding the Commission decided that Castellano had not made a case for his rehabilitation and therefore affirmed the ALJ's denial of his application for registration as a floor broker or floor trader. We conclude that its order should be affirmed because the Futures Trading Practices Act of 1992 requires floor traders to be registered pursuant to the same fitness standards as floor brokers. Furthermore, the Commission found that Castellano did not establish that he had rehabilitated himself. As the Commission noted, none of his witnesses was an expert in the field of rehabilitation. Also there were, as the Commission and the ALJ noted, significant discrepancies between his witnesses' affidavits and their testimony at the hearing.
 
 
 6
 In addition, the Commission held that Castellano did not carry the burden of demonstrating that he had been fully rehabilitated, and pointed out that none of his eight witnesses could corroborate his claim that on numerous occasions he had taken an active role in preventing rule violations on the floor of the Exchange.
 
 
 7
 For the first time, Castellano contends that the Commission's denial of his registration application is barred by the Double Jeopardy Clause of the Fifth Amendment. We have just held to the contrary in LaCrosse v. Commodity Futures Trading Commission, No. 97-1239, 1998 WL 75615, at * 7 (7th Cir. Feb.24, 1998), and Cox v. Commodity Futures Trading Commission, No. 97-1225, slip op. at 9 (7th Cir. Mar.4, 1998). Under that pair of decisions, it is clear that the Commission's denial of Castellano's registration application did not violate the Double Jeopardy Clause.
 
 
 8
 The Commission's order is affirmed in all respects.
 
 
 
 [1]
 Futures Trading Practices Act of 1992, 106 Stat. 3590
 
 
 [2]
 In November 1991 this Court had affirmed the Commission's May 29, 1990, decision to revoke Castellano's registration on the ground of his then unfitness as a floor broker. 948 F.2d 1292